64 F.3d 670
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gerald Cooper SPYBUCK, Jr., Petitioner-Appellant,
v.
Ron CHAMPION, Respondent-Appellee.
 No. 95-6084.
D.C. No. CIV-94-1391-C.
 United States Court of Appeals, Tenth Circuit.
 Aug. 22, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 McKAY, Circuit Judge.
 
 
 1
 After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. Appellant has filed an Application for a Certificate of Probable Cause. We issue this certificate and proceed to the merits of the case.
 
 
 2
 Mr. Spybuck, who pleaded nolo contendere to the utterly reprehensible crime of fondling a minor while posing as a department store Santa Claus, appeals the denial of his petition for habeas corpus. On appeal, Mr. Spybuck largely recites the arguments that he presented to the district court. He asserts that the trial court failed to establish a factual basis for his plea; that his plea was not knowing and voluntary; that he was denied the effective assistance of counsel during the proceedings leading to his plea; and that the district court erred in denying his request for an evidentiary hearing. Like the district court, we are unconvinced by any of Mr. Spybuck's arguments, and we affirm for the reasons given in the magistrate judge's Report and Recommendation, which was adopted in full by the district court.
 
 AFFIRMED.[2]
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 We deny Mr. Spybuck's motion to compel the production by Oklahoma of transcripts related to his case. We also deny Mr. Spybuck's motion to compel Oklahoma to allow him to withdraw money from his mandatory prison savings account. There is no evidence that the applicable Oklahoma prison regulations disadvantaged or hindered his prosecution of this case or otherwise denied him access to the courts